IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03484-BNB

DEAN CARBAJAL,

    Applicant,

v.

ASSOCIATE WARDEN LIND BRANDY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER OF DISMISSAL

---

    Applicant, Dean Carbajal, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado. Mr. Carbajal has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) (the "Application") challenging the validity of his criminal conviction in Jefferson County District Court case number 08CR267.

    On February 7, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On April 3, 2014, Respondents filed a Pre-Answer Response (ECF No. 15) arguing that the Application should be dismissed because Mr. Carbajal has not exhausted state remedies for all of his claims. On May 21, 2014, Mr. Carbajal filed "Plaintiff Dean Carbajal's Response to the State's Pre-Answer Response" (ECF No. 18)

arguing that he has exhausted state remedies for his claims in the Application and requesting "a continuance, stay-and-abeyance, or administrative closure of this action subject to reopening" pending resolution of the state court postconviction proceedings because he "has additional claims that are presently being review [sic] by the State District Court" that are not exhausted. (ECF No. 18 at 4-5.)

The Court must construe the Application and other papers filed by Mr. Carbajal liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed as a mixed petition for failure to exhaust state court remedies.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

In order to satisfy the fair presentation requirement the "substance of a federal habeas corpus claim" must have been presented to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.

1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Mr. Carbajal was convicted by a jury in case number 08CR267 of first degree criminal trespass. (*See* ECF No. 15-9.) The judgment of conviction was affirmed on direct appeal. *See People v. Carbajal*, No. 09CA0354 (Colo. App. June 21, 2012) (unpublished) (ECF No. 15-4). On December 20, 2012, the Colorado Supreme Court denied Mr. Carbajal's petition for writ of certiorari with respect to his direct appeal. (*See* ECF No. 15-7.) On October 7, 2013, the United States Supreme Court denied Mr. Carbajal's petition for writ of certiorari with respect to his direct appeal. *See Carbajal v.*

*Colorado*, 134 S. Ct. 165 (2013).

On December 26, 2013, Mr. Carbajal filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 15-9 at 8.) The Rule 35(c) motion remains pending in state court.

Mr. Carbajal filed the Application on December 24, 2013. He asserts five claims in the Application contending: (1) his Fifth Amendment rights were violated when the prosecutor improperly commented on his pre-arrest silence during closing argument to imply guilt; (2) he was denied a fair trial in violation of due process by improper admission of evidence of other acts; (3) he was tried while incompetent in violation of his right to due process; (4) he was denied bail in violation of his right to due process; and (5) the trial court erred in denying his motion for a directed verdict of acquittal based on insufficient evidence in violation of his right to due process.

Respondents concede that Mr. Carbajal exhausted state remedies on direct appeal for the Fifth Amendment claim and the competency claim, claims one and three above.[1] However, Respondents contend that Mr. Carbajal has not exhausted state remedies for claims two, four, and five. In particular, Respondents assert that Mr. Carbajal failed to raise claim two on direct appeal as a federal constitutional claim and that claims four and five were not fairly presented to the state courts because those claims were raised for the first time in Mr. Carbajal's petition for writ of certiorari to the Colorado Supreme Court.

---

[1] In discussing exhaustion, Respondents identify the admission of evidence of other acts claim as claim one and the Fifth Amendment claim as claim two. (*See* ECF No. 15 at 11-12.) The Court will refer to the claims as they are listed in the Application and in this order.

Mr. Carbajal argues in his reply to the Pre-Answer Response that he exhausted state remedies with respect to claims four and five because, after counsel failed to raise those issues in counsel's opening brief on direct appeal, Mr. Carbajal raised the issues in a *pro se* amended opening brief that the Colorado Court of Appeals did not consider. He also contends in his reply to the Pre-Answer Response that he exhausted state remedies for all of his claims in the Application because he "raised the underlying issues" in a motion for new trial filed in 2008 that the trial court refused to consider and denied without analysis. (*See* ECF No. 18 at 2.) Of course, raising the underlying issues in a motion filed in the trial court is not sufficient to demonstrate fair presentation of any claims to the state appellate courts.

Mr. Carbajal fails to satisfy his burden of demonstrating that he has exhausted state remedies for each claim in the Application. With respect to claim two, the due process claim challenging admission of evidence of other acts, Mr. Carbajal failed to raise the claim as a federal constitutional claim on direct appeal. Instead, Mr. Carbajal argued in his opening brief on direct appeal only that evidence of other acts improperly was admitted in violation of state law. (*See* ECF No. 15-1 at 10-18.) Mr. Carbajal also argued in his petition for writ of certiorari to the Colorado Supreme Court only that evidence of other acts improperly was admitted in violation of state law. (*See* ECF No. 1 at 23-25.) Although Mr. Carbajal mentioned a violation of "due process" in the caption of the claim in his opening brief (*see* ECF No. 15-1 at 10) and in his petition for writ of certiorari (*see* ECF No. 1 at 23), and he also indicated the claim was of "constitutional dimension" in the petition for writ of certiorari (*see id.*), the Court is not persuaded that Mr. Carbajal fairly presented claim two to the state courts as a federal constitutional

claim. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66; *see also Gray v. Netherland*, 518 U.S. 152, 163 (1996) (stating that a general appeal to a broad constitutional guarantee such as due process does not satisfy the exhaustion requirement). Furthermore,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Mr. Carbajal explicitly identified claims one and three in the Application as federal constitutional claims in his opening brief on direct appeal. (*See* ECF No. 15-1 at 19, 22.) However, he did not label or otherwise identify claim two in the Application as a federal claim on direct appeal. Therefore, the Court agrees with Respondents that claim two is not exhausted.

With respect to claims four and five in the Application, Mr. Carbajal maintains that these claims are exhausted because he raised them in a *pro se* amended opening brief on direct appeal after counsel failed to raise the claims in counsel's opening brief. However, Colorado does not recognize any form of hybrid representation. *See People v. Arguello*, 772 P.2d 87, 92 (Colo. 1989). Therefore, even assuming claims four and five in the Application were raised as federal constitutional claims by Mr. Carbajal in his *pro se* amended opening brief on direct appeal, the claims were not fairly presented to the Colorado Court of Appeals.

6

Because Mr. Carbajal has not exhausted state remedies for all of his claims in the Application, the Application is subject to dismissal as a mixed petition. *See Rose*, 455 U.S. at 522; *Harris*, 48 F.3d at 1133. Furthermore, even assuming Mr. Carbajal had exhausted state remedies with respect to all five claims in the Application, the action still would be subject to dismissal as a mixed petition because it is apparent that Mr. Carbajal seeks to raise additional, unexhausted claims. As noted above, Mr. Carbajal requests in his reply to the Pre-Answer Response "a continuance, stay-and-abeyance, or administrative closure of this action subject to reopening" pending resolution of the state court postconviction proceedings because he "has additional claims that are presently being review [sic] by the State District Court" that are not exhausted. (ECF No. 18 at 4-5.) The Court will deny the request for a stay and abeyance.

Whether to grant a stay and abeyance when an applicant has failed to exhaust state remedies for a particular claim is a matter of district court discretion. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, "stay and abeyance should be available only in limited circumstances." *Id.* at 277. A motion for a stay may be granted only if: (1) the applicant has good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims potentially are meritorious, and (3) there is no indication that the applicant has engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

There is no indication that Mr. Carbajal intentionally has engaged in dilatory litigation tactics in this action. However, he fails to demonstrate good cause for his failure to exhaust state remedies for his unexhausted claims prior to filing this action. Mr. Carbajal provides no explanation or justification for filing this action in federal court

at the same time he filed the postconviction Rule 35(c) motion in the trial court.  Mr. Carbajal also fails to demonstrate the unexhausted claims potentially are meritorious because he fails to specify what those claims are and he fails to provide specific factual allegations in support of those claims.  Therefore, the request for a stay will be denied and the Court will dismiss this action without prejudice for failure to exhaust state remedies.  If Mr. Carbajal wishes to pursue any federal constitutional claims in a federal habeas corpus action after exhausting state remedies, he must file a new action.  Mr. Carbajal must pursue his claims in a diligent manner because the one-year limitation period in 28 U.S.C. § 2244(d) will apply to any federal habeas corpus action he may file and the time during which this action was pending will not toll the one-year limitation period with respect to any new habeas corpus action.  *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application (ECF No. 1) is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  30th  day of    May         , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court